UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**TIMOTHY DAWAYNE ROUSE**                                                                  **PLAINTIFF**

*v.*                                                                  **CIVIL ACTION NO. 5:07CV-P183-R**

**TERRY POWLDE** *et al.*                                                                  **DEFENDANTS**

**MEMORANDUM AND ORDER**

Seeking damages and an injunction ordering his release from incarceration, Plaintiff brings this 42 U.S.C. § 1983 action against Terry Powlde,[1] Fulton City Police Chief; Benney Dunccan, late Fulton City Police Officer; Micheal B. Stacey, Commonwealth Attorney for Fulton County; and Richard L. Majors, Fulton County District Attorney.  He sues Defendants Powlde, Dunccan, and Stacey in their individual and official capacities and sues Defendant Majors in his official capacity only.  Plaintiff alleges Fourth Amendment violations surrounding arrests and a Fourteenth Amendment violation by Defendant Stacey, who purportedly directed the jailer to assault Plaintiff.

This matter is before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  Upon review, the Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  § 1915A(b).

**A.**     **Injunctive relief - release from prison**

"Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."  *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973).

---

[1] On one occasion in the complaint, Plaintiff spells this Defendant's name "Powled," but in all other instances, he spells Defendant's name "Powlde."

Thus, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. Because Plaintiff is seeking an immediate release from prison, a § 1983 claim for such relief cannot lie and must be dismissed. Plaintiff may file a petition for writ of habeas corpus following exhaustion of available state remedies.

### B.   Damages claims

The Court will allow the Fourth and Fourteenth Amendment damages claims to proceed against Defendants.

By separate Order, the Court will direct the Clerk of Court to issue summonses and effect service on Defendants Powlde, Stacey, and Majors.

Because Plaintiff indicates that Defendant Dunccan is deceased, he must substitute Dunccan's estate as Defendant. Wherefore, **IT IS ORDERED that within 90 days of the date of entry of this Order, Plaintiff shall substitute Dunccan's estate as Defendant**. Along with his notice of substitution, **Plaintiff must submit a completed summons for the estate**. The **Clerk of Court is DIRECTED to send** Plaintiff a blank summons form. Plaintiff's failure to substitute the estate for Dunccan **will result in dismissal** of all claims against Dunccan.

The Court will enter Orders consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Fulton County Attorney
4413.005