UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**TIMOTHY DAWAYNE ROUSE**                                                           **PLAINTIFF**

*v.*                                                            **CIVIL ACTION NO. 5:07CV-P183-R**

**TERRY POWLDE** *et al.*                                                           **DEFENDANTS**

## MEMORANDUM AND ORDER

This matter is before the Court on several non-dispositive motions filed by the parties. The Court will address each below.

As a preliminary matter, however, the Court advises that Plaintiff spells Defendant's name "Stacey," but Defendant spells his name "Stacy." **IT IS THEREFORE ORDERED that the Clerk of Court shall AMEND the caption of the docket sheet to reflect the proper spelling of the remaining Defendant's name: "Michael B. Stacy."**

1)      **Plaintiff's motion for default judgment against Defendant Stacy (DN 42) and Defendant's motion for extension of time to file an answer (DN 56).** Plaintiff alleges that Defendant failed to answer the complaint within 20 days and that he is, therefore, entitled to default judgment. In response, Defendant advises that the U.S. Marshal sent the summons to the wrong address and that he was never actually served with summons but that upon receiving actual notice of the complaint on September 5, 2008, he timely filed his answer on September 25, 2008. Alternatively, arguing excusable neglect, Defendant moves for an order retroactively extending his time to file his answer to September 25, 2008.

Upon consideration, because Defendant has already filed an answer and no prejudice to Plaintiff has been shown, **IT IS ORDERED that Plaintiff's motion for default judgment (DN 42) is DENIED and that Defendant's motion for extension of time to file an answer (DN 56) is DENIED as moot**.

**2)** **Plaintiff's motion to supplement complaint with injunctive relief (DN 30).** In the complaint, as injunctive relief, Plaintiff sought release from prison. The Court on initial review dismissed the equitable claim explaining that "habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973), not § 1983. In the motion to supplement, Plaintiff claims that he is seeking a new trial, not a release from confinement. Defendants ask that Plaintiff's request for a new trial be denied, arguing that such a request also necessarily challenges the validity of the underlying conviction. Plaintiff filed a reply agreeing with Defendants' argument and requesting that his motion be denied. Accordingly, **IT IS ORDERED that Plaintiff's motion to supplement complaint with injunctive relief (DN 30) is DENIED**.

**3)** **"Takabren Dawayne Warlick Pretrail Motion to Intervene as Plaintiff for Relief" (DN 97) and Defendant's motion to strike (DN 101).** In the motion to intervene signed only by Plaintiff Rouse, *pro se*, as "Counsel for Takabren Warlick," Plaintiff Rouse alleges that Intervenor Warlick, who is Plaintiff Rouse's son, is "currently providing his father expenses as a result from []his injuries" by Defendant. In response, Defendant Stacy filed a motion to strike (DN 101) the motion to intervene arguing that the motion to intervene is an unauthorized filing since Plaintiff Rouse, who signed the motion for Warlick, is not admitted to practice law in the Commonwealth of Kentucky and is, therefore, engaging in the unauthorized practice of law prohibited by KRS § 524.130.

"Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n

federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted). Moreover, "[t]hat a non-lawyer may not represent another person in court is a venerable common law rule based on the strong state interest in regulating the practice of law." *Heldt v. Nicholson*, No. 99-2120, 2000 WL 1176879, at *1 (6th Cir. Aug. 10, 2000). Accordingly,

**IT IS ORDERED that Defendant's motion to strike (DN 101) is GRANTED and that Takabren Dawayne Warlick's motion to intervene (DN 97) is STRICKEN from the record.**

**4)** **Plaintiff's motion for copies (DN 58).** Plaintiff seeks copies of "all ex[]ecuted summons, and also copies of all the motions and response's I filed." Although the Court, by separate Order, has granted Plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), that statute "does not give the litigant a right to have documents copied and returned to him at government expense." *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) ("The statutory right to proceed in forma pauperis, Section 1915(a), Title 28 United States Code, does not include the right to obtain copies of court orders without payment therefor."). Therefore,

**IT IS ORDERED that Plaintiff's request for copies (DN 58) is DENIED.** Plaintiff is reminded that in the future he should retain a copy of any document he files with the Court. Should Plaintiff wish to pay for copies, the Clerk's Office charges $0.10 per page.

**5) Plaintiff's motion for temporary release or supervised furlough (DN 68).**

Incarcerated in the Kentucky State Penitentiary, Plaintiff seeks a temporary release or supervised furlough from prison in order to research and prosecute his claims. Defendants responded that Plaintiff has shown no authority in support of the relief he seeks and that the writ of habeas corpus is the sole method by which a federal court could tamper with a state prison sentence (DN 75). Upon consideration of the issue, the Court agrees with Defendants. **IT IS THEREFORE ORDERED that the motion for temporary release or supervised furlough (DN 68) is DENIED**.

**6) Defendant Stacy's motion to stay discovery (DN 94) and Plaintiff's motion for extension of the discovery deadline (DN 98).** Defendant Stacy, the only remaining Defendant in this action at this time, seeks a stay of discovery pending this Court's ruling on his motion to dismiss. Plaintiff did not file a response to this motion but has filed a motion for extension of the discovery deadline. Upon review of the record, **IT IS ORDERED that Defendant's motion to stay (DN 94) is GRANTED and that Plaintiff's motion for extension of the discovery deadline (DN 98) is DENIED as moot.** After the Court rules upon Defendant's motion to dismiss, it will, if necessary, amend the scheduling order setting new deadlines in this action.

As discovery is stayed, **IT IS FURTHER ORDERED that all pending motions relating to discovery (including Plaintiff's motions to compel (DN 18); for order granting him permission to enter onto land and for U.S. Marshal escort (DNs 22 & 26); for order placing witnesses under attendance (DN 43); for order directing the Department of Corrections to allow him to copy, type and transcribe discovery materials (DN 96); and for protective order (DN 98)) are DENIED without prejudice with leave to re-file in the future if necessary**.

7) **Plaintiff's motion for appointment of counsel (DN 47).** Plaintiff seeks appointed counsel because he lacks legal training, the case is complex, and the Court allowed the case to proceed beyond initial screening.

In a civil case such as this action brought under 42 U.S.C. § 1983, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Title 28 of the United States Code, Section 1915(e)(1)[1] indicates that court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g., Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado v. Keohane*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

Although claimed otherwise by Plaintiff, the Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel. Further, based on a review of the numerous motions and other documents filed by Plaintiff thus far, it appears that Plaintiff is familiar with the legal process and is articulate and able to represent himself sufficiently at this time. The Court, therefore, finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel. Consequently,

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

5

**IT IS ORDERED that the motion for appointment of counsel (DN 47) is DENIED.**

Nothing in this Order shall preclude Plaintiff from requesting appointment of counsel at a future point in this action should exceptional circumstances arise to justify such an appointment.

Date:

cc: Plaintiff, *pro se*
    Counsel of Record
4413.005