**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH**

**TIMOTHY DAWAYNE ROUSE**                                                        **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 5:07CV-P183-R**

**TERRY POWLDE** *et al.*                                                    **DEFENDANTS**

## MEMORANDUM AND ORDER

Plaintiff filed two identical motions to add a defendant (DNs 20 & 25). Plaintiff seeks to add Ricky Parnell, the Fulton County Jailer, as a defendant in his individual and official capacities because Plaintiff alleged, in his complaint, that Defendant Commonwealth's Attorney Michael Stacy directed Jailer Parnell to assault Plaintiff.[1] Because Plaintiff filed his motion to amend and join Jailer Parnell before being served with a responsive pleading, *see* Fed. R. Civ. P. 15(a)(1) and 20(a)(2),

**IT IS ORDERED** that the motions to add an additional defendant (DNs 20 & 25) are **GRANTED**. The **Clerk of Court is DIRECTED to add Jailer Parnell as a Defendant** in the caption of the docket sheet.

Because Plaintiff is proceeding *in forma pauperis*, however, the Court may screen the amendment under 28 U.S.C. § 1915(e)(2)(B) to determine if the amendment is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("[Section] 1915(e)(2) is applicable throughout the entire litigation process."). Upon

---

[1] In a memorandum in response to Defendant's motion to dismiss (DN 60) and in a pretrial memorandum (DN 40), Plaintiff more specifically alleges that, at the direction of Defendant Stacy, Jailer Parnell and two unknown guards went into Plaintiff's cell in the middle of the night while Plaintiff was sleeping and smothered him with a pillow, "busted his face on a speaker intercom inside the cell, and tied a string around his throat choking Plaintiff until he cried leaving him soaked in blood."

review, the Court concludes that the official-capacity claim against Defendant Jailer Parnell must be dismissed.

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claim against Defendant Parnell, therefore, is actually against Fulton County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular

injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that Defendant acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to be an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Defendant's actions occurred as a result of a policy or custom implemented or endorsed by Fulton County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Accordingly,

**IT IS ORDERED that the official-capacity claim against Defendant Jailer Parnell is DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. **IT IS FURTHER ORDERED that the individual-capacity claim that Jailer Parnell assaulted Plaintiff at the direction of Defendant Commonwealth's Attorney Michael Stacy is allowed to proceed.** The Court construes this claim as an excessive-force claim.

"[W]hen a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants. . . ." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Plaintiff, however, has not provided a summons for Defendant Jailer Parnell. **IT IS THEREFORE ORDERED that within 30 days of the entry of this Order, Plaintiff must complete and return a summons for Defendant Jailer Parnell** so that service may be effected on that Defendant.

The **Clerk of Court is DIRECTED** to send Plaintiff one blank summons form.

The Court offers the following guidance to Plaintiff in his completion of the summons form: (1) write or type Defendant's name and address on the summons in the space provided; (2) write or type Plaintiff's name in the space provided; (3) **do not** fill in any other part of the summons form and **do not** mail the summons to Defendant.

Date:

cc:    Plaintiff, *pro se*
       Counsel of Record
4413.005