UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

TIMOTHY DAWAYNE ROUSE                                      PLAINTIFF

v.                                       CIVIL ACTION NO. 5:07CV-P183-R

TERRY POWLDE *et al.*                                     DEFENDANTS

<u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant Michael Stacy's motion to dismiss (DN 35).

Plaintiff filed a response (DN 54) and a memorandum in support of his response (DN 60).

Defendant filed a reply (DN 73).  Upon consideration of the filings and the relevant law, the

Court will grant the motion to dismiss in part and deny it in part.

**I.**

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law,

the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  *Mayer*

*v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  In order to survive dismissal for failure to state a

claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2)

take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561

F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)).  "But the district court need not accept a 'bare assertion of legal

conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

## II.

### A.  Official-capacity claims

In his motion to dismiss, Defendant argues that the official-capacity claims should be dismissed as barred by the Eleventh Amendment.  The Court agrees.  Defendant, as a state official sued in his official capacity for damages, is absolutely immune from liability under the Eleventh Amendment to the United States Constitution.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment.").  Further, a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered "persons" for the purpose of a § 1983 claim.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Consequently, the official-capacity claims for damages against Defendant Stacy will be dismissed.

### B.  Individual-capacity claims

In the complaint, with respect to Defendant Stacy, Plaintiff alleges:  "While awaiting trail (prosecutor) Mike Stac[]y had the jailer to assault Rouse, and intemidate his defense witnesses,

to prevent them from testifing at trail."  Based on Plaintiff's allegations, the Court allowed the

Fourteenth Amendment claim to proceed against Defendant Stacy.  In the motion to dismiss,

Defendant Stacy argues that Plaintiff has failed to show that his allegations denied him a fair trial

or constituted excessive force.

### 1.  Fair trial

With respect to this claim, Defendant argues that Plaintiff fails to state a claim upon

which relief may be granted and that the claim is barred by the *Rooker-Feldman* doctrine, the

*Younger* abstention doctrine, res judicata, and absolute quasi-judicial immunity.

In the Court's Memorandum and Order allowing the case to proceed, the Court

mentioned only Plaintiff's excessive-force claim (DN 9) (noting that Plaintiff alleged a

"Fourteenth Amendment violation by Defendant Stacy, who purportedly directed the jailer to

assault Plaintiff").  The Court intended that any constitutional challenge to Plaintiff's conviction,

including a denial-of-a-fair-trial claim, be dismissed as part of his claim for injunctive relief in

the form of release from prison.  In dismissing the claim for injunctive relief, the Court

concluded that Plaintiff's federal remedy in that instance is by way of a petition for writ of

habeas corpus following exhaustion of available state remedies.

To the extent, however, that Plaintiff may have been seeking damages for his claim that

he was denied a fair trial when Defendant Stacy allegedly directed the jailer to assault him and

intimidate witnesses in order to get him to plead guilty, any damages claim is not yet cognizable

under the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held,

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive

3

> order, declared invalid by a state tribunal authorized to make such determination,
> or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87.  If a ruling on a claim would necessarily render a plaintiff's continued confinement invalid, the claim must be dismissed, not for lack of exhaustion of state remedies, but because it is simply not cognizable until the challenged confinement has been remedied by some other process.  *Id*. at 489.  Because Plaintiff has not shown that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," *id.* at 486-87, the damages claim related to Defendant Stacy's actions in allegedly denying Plaintiff a fair trial will be dismissed without prejudice.

### 2. Excessive force

With respect to this claim, Defendant alleges that the claim is time-barred, that Plaintiff fails to state a claim upon which relief may be granted, and that Defendant is entitled to absolute quasi-judicial and qualified immunity.

Defendant argues that "Mr. Rouse has failed to allege any fact to show that the assault on him by the jailer occurred within the [one-year] limitation period."  Because the statute of limitations is an affirmative defense, Plaintiff is not required to demonstrate timeliness in his complaint.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  In any event, in his response to Defendant's motion to dismiss, Plaintiff advises that the incident occurred "on and between June and August[], 2007."  Because Plaintiff filed his complaint less than six months later on November 6, 2007,[1] his excessive-force claim is timely.

---

[1]Under the prison mailbox rule, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court."  *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff certifies that the complaint was placed in the prisoner mail system on November 6, 2007.

Defendant further argues that Plaintiff fails to state a claim upon which relief may be granted because Plaintiff has failed to allege sufficient facts to support his claim and has failed to show something more than *de minimis* force by the jailer.  In Plaintiff's memorandum in response (DN 60) to Defendant's motion to dismiss, Plaintiff contends,

> Defendant Stac[]y called the Jailer on his cell phone from the court house and had the Jailer to use "force" in order to make Plaintiff plead guilty.  Defendant Stac[]y told the Jailer, Rouse didn't plead guilty so do it tonight.  The same night around 2 am the Jailer and two unknown guards came into Rouse's cell, tied a string around his neach, chocking him until he cried, busted his face on a intercom, smuttering him with a pillow and leaving him soacked in blood.  On their way out of the cell, Jailer said next time "Plead Guilty."

The Court cannot overlook these allegations and concludes that Plaintiff has alleged sufficient facts and more than a *de minimis* use of force to defeat dismissal under Rule 12(b)(6).

In response to the more detailed allegations provided by Plaintiff, Defendant argues in his reply that Plaintiff's excessive-force claim is barred by absolute quasi-judicial or prosecutorial immunity.  "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Further, the Sixth Circuit has held,

> "The analytical key to prosecutorial immunity . . . is advocacy-whether the actions in question are those of an advocate."  *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (internal quotation marks omitted).  "If the challenged actions of the prosecutor were not performed in his role as advocate, if they do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings, then only qualified immunity applies."  *Id.* (internal quotation marks and brackets omitted).  In other words, "[p]rosecutors are not absolutely immune . . . when they perform administrative, investigative, or other functions."  *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (en banc).

*Harris v. Bornhorst*, 513 F.3d 503, 509-10 (6th Cir. 2008).

The Court cannot conclude that Defendant Stacy's purported directive that the Fulton County Jailer assault Plaintiff is the action of an advocate for the State, *see, e.g., Donkers v. Camargo*, No. 07-11220, 2008 WL 297079, at *5 (E.D. Mich. Jan. 25, 2008) ("Absolute immunity does not shield a prosecutor from assaultive behavior toward a litigant because conduct of that nature cannot fairly be considered as part of the prosecutorial function or properly characterized as a feature of the role of an advocate."), and Defendant has pointed to no legal authority concluding that assaultive behavior is entitled to absolute immunity.

Finally, Defendant additionally asserts that Plaintiff's excessive-force claim is barred on qualified-immunity grounds. He bases this assertion, however, on his argument that the jailer used only *de minimis* force, an argument which the Court has found to be without merit based on Plaintiff's allegations.

6

## III.

For the reasons set forth more fully above,

**IT IS ORDERED** that Defendant's motion to dismiss (DN 35) is **GRANTED in part and DENIED in part**.

Plaintiff's official-capacity claims against Defendant Stacy are **DISMISSED as a matter of law**, and his individual-capacity claim that he was denied a fair trial brought against Defendant Stacy is **DISMISSED without prejudice as a matter of law**.

Plaintiff's individual-capacity, excessive-force claim for damages against Defendant Stacy continues.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
4411.005