UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

TIMOTHY DAWAYNE ROUSE                                                                    PLAINTIFF

v.                                                                       CIVIL ACTION NO. 5:07CV-P183-R

TERRY POWELL *et al.*                                                                    DEFENDANTS

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Timothy Dawayne Rouse's *pro se* motion to vacate and set aside the November 23, 2009, Agreed Order of Partial Dismissal, dismissing all claims against Defendant Ricky Parnell, Fulton County Jailer (DN 123). Plaintiff and Defendant Parnell have filed numerous responses and replies related to this issue. Upon consideration of the matter, the Court will deny Plaintiff's motion to vacate and set aside the Agreed Order of Partial Dismissal.

**I.**

By Memorandum and Order entered September 28, 2009, the Court granted Plaintiff's motions to add Jailer Parnell as a Defendant and allowed the individual-capacity, excessive-force claim to proceed against him (DN 106). On November 23, 2009, the Court entered an Agreed Order of Partial Dismissal, dismissing all claims against Defendant Parnell (DN 120). Over two months later, on January 29, 2010, Plaintiff filed the instant verified motion to vacate and set aside the agreed order pursuant to "Federal Rule of Civil Procedure 60.02," alleging fraud and misrepresentation by Defendant Parnell's counsel (DN 123). Plaintiff alleges that "Defendant's counsel falsified the [Agreed Order of Partial Dismissal] after obtaining movant's signature to a agreed order for exstention and then using the signature page as a misrepresentation in support of the agreed order for partial dismissal."

In response, counsel for Parnell states that Plaintiff's claim that counsel switched the front page of the documents "is a wholly fabricated and unsupported claim" (DN 127). Counsel attaches an affidavit by Doug Painter, a paralegal with counsel's firm, who visited Plaintiff at the jail and presented him with the agreed order of partial dismissal, dismissing all claims against Defendant Parnell. Painter avers a complete denial of Plaintiff's accusation that he was involved in falsifying an order after obtaining his signature. Further, argues counsel for Parnell, Plaintiff's accusation is belied by the fact that it was Plaintiff who alerted counsel to the need for the amended order to include Parnell in the first place, and counsel attaches a letter that Plaintiff sent to her after the Court added Parnell to the action. In the letter dated September 30, 2009, Plaintiff writes as follows:

> By Order entered 12-08-08 and agreement I dismissed all claims against Fulton County, including Ricky Parnell. However, before this agreement was reached I had already filed a Amended Complaint and Motion To Add Ricky Parnell, as a defendant. By Order dated 9-25-09 Ricky Parnell has been added to the Complaint as a Indespensiable Party with Commonwealth's Attorney Michael B. Stacy. To Enforce are settlement reached I am requesting you to prepare a Amended Agreed Order of Partial Dismissal, and a Amended Settlement Agreement so that the record will reflect the terms against defendant Parnell as well.[1]

---

[1] Counsel more fully explains that in the instant action on December 2, 2008, Plaintiff and Defendants Powell, Duncan, and Major reached a settlement of all pending claims, including any and all claims Plaintiff could bring against other officers and representatives of Fulton County and the City of Fulton. He states that the terms of the settlement were memorialized in a Settlement Agreement (which he attached to his response) and that pursuant to the Settlement Agreement, Plaintiff and Defendants Powell, Duncan, and Major signed an Agreed Partial Order of Dismissal, which was entered by the Court on December 8, 2008 (DN 93). Prior to the date of execution of the Settlement Agreement and Agreed Partial Order of Dismissal, Plaintiff had filed a Motion to Amend his Complaint and a Motion to Add Ricky Parnell as a party-defendant (DNs 20 and 25). Counsel states that at the time the Settlement Agreement was executed, this Court had not ruled on Plaintiff's motions; therefore, Parnell was not a named party to this action on the date the agreement was executed. Counsel states that Plaintiff should have moved the Court for leave to withdraw the two motions but did not and that after execution of the Settlement Agreement, the Court granted Plaintiff's motions and added Parnell as a party-defendant.

Counsel argues that this letter reflects that Plaintiff's assertion that the settlement never involved Defendant Parnell, is not true, and is in fact a fraudulent misrepresentation to the Court.

Plaintiff did not file a reply to his motion to vacate and set aside but filed a motion to strike (DN 128) Defendant's response instead, arguing that the response was untimely. While the Court previously denied the motion to strike, it will discuss the content of some of the filings related to the motion to strike as they contain arguments related to the motion to vacate. In Plaintiff's reply to Defendant's response to the motion to strike, he alleges that there is no evidence that the settlement agreement reached between him and Parnell was not different than the one reached between Plaintiff and Powell, Duncan, and Major. He claims that his agreement with Parnell included "the admission of liability."

Defendant's counsel filed a sur-reply denying such an agreement was reached; arguing that Plaintiff has produced no evidence of the existence of such an agreement; advising that because of Plaintiff's incarceration, all of their negotiations have been in the form of written correspondence; and attaching under seal a copy of every letter related to settlement sent or delivered to Rouse by counsel's firm and a copy of every letter sent or delivered to counsel's firm by Plaintiff (DN 146). Counsel states that the letters clearly show that there has never been any discussion regarding an admission of liability on the part of Parnell and advises that considering Plaintiff's litigious nature, counsel would never have allowed such a discussion to take place. Counsel also points to an "Offer of Settlement" that Plaintiff filed with the Court on November 10, 2008 (DN 79), agreeing "to strike the pleading DN# 20, DN# 25 from record,"[2] and counsel points to a proposed Agreed Order Plaintiff filed on November 17, 2008, clearly stating his intention to settle his claims against

---

[2]Docket Numbers 20 and 25 are Plaintiff's motions to amend and to add Ricky Parnell as a defendant.

Parnell (DN 85). Defendant stated that if Plaintiff has any evidence of such an agreement, he needs to produce it.

Plaintiff filed a reply to Defendant's sur-reply (DN 139). He attaches an affidavit and two letters in support of his claims that he agreed to dismiss the claims against Parnell only with the admission of liability and that the Agreed Order of Partial Dismissal signature page was switched with the signature page from an agreed order for extension of time. The first letter is directed to Jailer Parnell at the Fulton County Detention Center and dated June 4, 2009, and states in part, "I agree to dismiss all claims against you without further costs for admission of liability." In the second letter dated April 1, 2010, and also addressed to Parnell, Plaintiff advises Parnell that "I did not sign such document [Agreed Order of Partial Dismissal] and that I will be moving the court to vacate same."

Defendant filed a response to Plaintiff's reply to his sur-reply (DN 141). Defendant argues that the two letters attached to Plaintiff's reply are "obvious fabrications drafted by Plaintiff in the last few days or weeks." He states that the first letter refers to Plaintiff's willingness to settle his claims against Parnell if the Court grants his request to add Parnell as a party to the suit. He advises that although the letter indicates that a copy was sent to the clerk's office, this Court's docket sheet does not show that a letter was received and filed by the Clerk. Defendant claims that the "second letter is an outright fraud upon the Court." He explains that in the letter, Plaintiff informs Parnell of his *future intent* to move the Court to set aside the Agreed Order of Partial Dismissal. Counsel advises, however, that the date on the letter is April 1, 2010, *two months after* Plaintiff had already filed a motion to set aside the Agreed Order. Counsel states that if the Court is inclined to give Plaintiff the benefit of the doubt with regard to his untenable claims, the Court should be aware of Plaintiff's long history of forging documents, including convictions of forgery

4

in Fulton County in August 2007, in Graves County in April 2008, in Oldham County in June 2008, and in Lyon County in October 2009. Further, counsel reports that during a routine cell search on June 3, 2008, Plaintiff was found to be in possession of "multiple pages of forged legal documents ordering Rouse's release from prison," for which he was disciplined by the Kentucky Department of Corrections, and that during a cell search the next day, he was "found to be in possession of a document containing a falsified notarization," for which he was also disciplined. Finally, counsel advises that Plaintiff once drafted a fake "Release from Custody" order, forged a Hopkins Circuit Judge's signature, and had a family member fax the order from a Kroger in Lexington to the facility in which he was incarcerated, which resulted in Plaintiff's release from custody for two weeks before the scheme was uncovered. Counsel states that Rouse was prosecuted in Oldham County for the offense of second-degree forgery for this scheme.

In a "Sur-response" (DN 143), Plaintiff counters Defendant's fabrication-of-letters allegation by stating, "Plaintiff is clearly advised that one of the letters attached to his response is Dated April 1, 2010 two months after the 'Motion to Vacate' was filed. That means nothing, that is just how Plaintiff does his correspondence."[3] Plaintiff additionally argues as follows:

> While there are several coorospondence being presented that intends to demostrate that Plaintiff new he was "allegdly reaching a agreement" with this Defendant also, the issue brought to this Court is not whether the settlement was in fact to include Defendant Parnell, or even if to decied that Plaintiff lead Defendant's to believe that the settlement did probaly include parnell, but instead this issue before this Court is to determine if the (Agreed Order of Dismissal) was actualy "signed" by Plaintiff voluntairy or by fraud. In [] this matter the document is consisted of two seperatly pages and there is no witness or notary who can evidence the Defendants arguments.

---

[3]Plaintiff also advises that "a copy of a report reguarding [his] behavior at the prison is attached herein as Exhibit-A," but no exhibit is attached.

**II.**

Plaintiff brings his motion to vacate and set aside under Rule "60.02." The Federal Rules of Civil Procedure, however, do not contain a Rule 60.02. The Court presumes Plaintiff is attempting to bring his motion under Rule 60(b)(3), which provides relief from "a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Because the agreed order of partial dismissal which Plaintiff is challenging, is an interlocutory order and not a "a *final* judgment, order, or proceeding," Rule 60(b) does not apply.

Notwithstanding its inapplicability, "'[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.'" *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d at 1282. "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mobley v. Warden London Corr. Inst.*, No. 2:09-cv-638, 2010 WL 3586964, at *2 (S.D. Ohio Sept. 13, 2010) (stating that a court should grant relief from interlocutory orders "only if the prior decision appears clearly to be legally or factually erroneous").

Plaintiff fails to allege an intervening change in law, new evidence, or clear error. As to any claim of manifest injustice attempting to be raised by Plaintiff and upon the Court's consideration of the many filings and arguments presented by Plaintiff and Defendant Parnell, the Court finds that Plaintiff's accusation of a document switch by counsel's firm and his two letters

attached to his reply to Defendant's sur-reply to his motion to strike lack credibility in light of the overwhelming evidence in the record clearly indicating his intent to dismiss the claims against Parnell. Moreover, the two letters Plaintiff proffered in support of his claims are wholly self-serving and were supplied, not on his own behest, but only after a demand for evidence from Defendant, and one of the letters contains a blaring date error, strongly suggesting its fabrication. Reconsideration of the Court's entry of the Agreed Order of Partial Dismissal, therefore, is unsupported, and the Order will be upheld.

### III.

For the reasons set forth more fully above, and being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's motion to vacate and set aside the Agreed Order of Partial Dismissal, dismissing all claims against Defendant Ricky Parnell, Fulton County Jailer (DN 123) is **DENIED**.

**The November 23, 2009, Agreed Order of Partial Dismissal, dismissing all claims against Ricky Parnell (DN 120), remains in full force and effect.**

Only the claims against Michael B. Stacy, Commonwealth's Attorney for Fulton County, remain.

**IT IS FURTHER ORDERED** that Plaintiff's and Defendant's motions for ruling on the motion to vacate and set aside (DNs 140 & 142) are **DENIED as moot**.

Date:

cc:  Plaintiff, *pro se*
     Counsel of Record
4413.005