UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**TIMOTHY D. ROUSE, JR.**                                                                  **PLAINTIFF**

v.                                                               **CIVIL ACTION NO. 5:07CV-P183-GNS**

**TERRY POWLDE** *et al.*                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Michael B. Stacy's motion for sanctions under Rule 37(b) of the Federal Rules of Civil Procedure (DN 223) due to the failure of Plaintiff Timothy D. Rouse, Jr., *pro se*, to comply with the Court's November 20, 2015, Order (DN 222).

By way of background, Defendant previously filed a motion to compel (DN 220) Plaintiff to respond to Defendant's First Set of Interrogatories and Requests for Production of Documents. In the motion, Defendant reported that he first served the discovery requests on Plaintiff on March 6, 2015; that on July 15, 2015, he wrote a letter to Plaintiff advising him of his failure to respond and providing him until August 7, 2015, to respond; and that as of the date of the motion, Plaintiff had not produced a single answer or document. Plaintiff did not file a response to Defendant's motion. By Order entered November 20, 2015, the Court granted Defendant's motion to compel and directed Plaintiff to respond to Defendant's discovery requests no later than 30 days after the entry date of the Order. The Court further warned Plaintiff that his failure to respond within 30 days may result in the entry of sanctions, including dismissal of the action, against him. Plaintiff failed to comply, and Defendant filed the motion for sanctions, to which Plaintiff did not respond.

Defendant argues that Plaintiff has "willfully and in bad faith ignored" Defendant's attempts to resolve the outstanding discovery issue and violated the Court's Order and has

"derailed the orderly progress of this case towards trial." Defendant further argues that he has been "severely prejudiced" because he has been unable to complete discovery and prepare his defense to Plaintiff's allegations against him. Defendant contends that Plaintiff should not be allowed to gain an unfair advantage and that the "fault lies solely with the Plaintiff who continuously refuses to respond to the outstanding discovery." In addition, Defendant asserts that the Court has warned Plaintiff that his failure to cooperate could lead to Rule 37(b) sanctions, including entry of judgment in Defendant's favor, but that Plaintiff has ignored the warning of the Court. Defendant, therefore, contends that dismissal or default is appropriate under the circumstances.

Under Rule 37(b), if a party fails to obey an order to provide discovery under Rule 37(a), the court "may issue further just orders" that may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); *see also Freeland v. Amigo*, 103 F.3d 1271, 1276-77 (6th Cir. 1997) ("Under Fed. R. Civ. P. 37(b)(2), a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit.") (citing *Bank*

*One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)). "'Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to wil[l]fulness, bad faith, or fault.'" *Stamtec, Inc. v. Anson*, 195 F. App'x 473, 478 (6th Cir. 2006) (quoting *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985) (citation omitted)).

A district court must consider the following four factors when determining whether to dismiss under Rule 37(b)(2):

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997) (quoting *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

Upon consideration of Defendant's arguments, the Court finds that these factors weigh in favor of dismissal of the action. As to the first factor, Plaintiff "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *United States v. Reyes*, 307 F.3d at 458 (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d at 154). Here, without any explanation, Plaintiff failed to respond to discovery requests propounded by Defendant, failed to respond to Defendant's attempt to resolve the matter prior to involving the Court, failed to respond to Defendant's motion to compel, failed to comply with the Court's Order compelling him to respond to Defendant's discovery, and failed to respond to the instant motion for sanctions. The Court concludes that Plaintiff fails to meet his burden of showing his

3

failure to cooperate was not due to his willfulness, bad faith, and fault. As to the second factor, Defendant obviously is prejudiced and disadvantaged by Plaintiff's complete failure to cooperate. *See Harmon v. CSX Transp., Inc.*, 110 F.3d at 368 ("We have no doubt that CSXT was prejudiced by Harmon's failure to respond to its interrogatories. Not only had CSXT been unable to secure the information requested, but it was also required to waste time, money, and effort in pursuit of cooperation which Harmon was legally obligated to provide."). With respect to the third factor, the Court warned Plaintiff that his failure to respond to the discovery requests within 30 days may result in the entry of sanctions, *including dismissal of the action*, against him. Finally, in consideration of the fourth factor, the Court has no confidence that sanctions short of dismissal would be of any use here given Plaintiff's failure to engage in discovery with Defendant and failure to comply with a Court Order.

For the foregoing reasons, **IT IS ORDERED** that Defendant's motion for sanctions (DN 223) is **GRANTED** and that the action **shall be dismissed** by separate Order.

Date: March 29, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Counsel of Record
4416.005